## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RANJI COTTON                                             CIVIL ACTION

VERSUS                                                   NO. 11-0231

LYNN COOPER                                              SECTION "I" (6)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, along with petitioner's original petition (rec. doc. 1), the State's original response (rec. doc. 7), petitioner's amended petition (rec. doc. 8-1), and the State's supplemental response (rec. doc. 10), the court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is recommended that the instant petition be **DENIED.**

## I. PROCEDURAL HISTORY

On April 27, 2004, petitioner, Ranji Cotton, presently incarcerated in the Avoyelles

Correctional Center located in Cottonport, Louisiana, was charged by bill of information with unauthorized entry of an inhabited dwelling in violation of LSA-R.S. 14:62.3. (St. rec., vol. 4, p. 35). On April 25, 2005, following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, petitioner was found guilty as charged. (St. rec., vol. 4, p. 17). On August 26, 2006, petitioner was sentenced to three years imprisonment with credit for time served. (St. rec., vol. 8, p. 1031). On that same date, the State advised that it would be filing a multiple offender bill charging that petitioner had five felony convictions. (St. rec., vol. 8, p. 1031).

On January 31, 2007, petitioner tendered "an admission to the particulars" in the multiple bill. (St. rec., vol. 8, p. 1036). The trial court accepted petitioner's "admission of guilt concerning the multiple bill". (St. rec., vol. 8, p. 1047). Thereafter, the court took "notice of the plea agreement which [was] entered into, whereby [petitioner] would admit to being a fourth felon offender and ... the [c]ourt [would] sentence [petitioner] to a minimum sentence in this case of twenty years, which is to be without benefit of probation or suspension of sentence." (St. rec., vol. 8, p. 1048). Pursuant to the plea agreement, the trial court vacated the three year sentence previously imposed and resentenced petitioner to the minimum twenty-year sentence without benefit of probation or suspension of sentence, with credit for time served. (St. rec., vol. 8, pp. 1048-1049).

On February 19, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence, but remanded the matter so that the sentencing

2

commitment order could be amended to conform with the sentencing transcript.  *State v. Cotton*, 980 So.2d 34 (La. App. 5 Cir. Feb. 19, 2008)**.**  On October 3, 2008, the Louisiana Supreme Court denied petitioner's writ application, *State v. Cotton*, 992 So.2d 1010 (La. 2008), thereby rendering petitioner's conviction and sentence final.

On June 16, 2009, petitioner filed an application for post-conviction relief with the state district court.  (St. rec., vol. 3, tab 3).  A review of a pertinent portion of the writ application (pp. 8-9) reflects that petitioner's sole claim for relief was that trial counsel was ineffective in failing to file a motion to quash the multiple offender bill due to the State's unreasonable delay in completing the enhancement proceeding.  In support of his claim, petitioner admitted that on August 26, 2006, when he received his original three-year sentence, the State "placed [petitioner] and his defense counsel on notice of its intent to file a multiple bill of information pursuant to R.S. 15:529.1."  However, petitioner was released from custody on September 26, 2006, having served his original sentence, and it was not until December 15, 2006, that petitioner "was notified that a hearing was to be held on January 31, 2007, in which the State of Louisiana was seeking to enhance the sentence he had already served."

Prior to the January 31, 2007 enhancement hearing, petitioner asserts that he "requested his defense counsel to review and investigate the defense of Quashing the Bill of Information based upon the unreasonable delay in the State filing the multiple offender Bill of Information, and the completion of the enhancement proceedings ...."  Counsel, however,

3

failed to act, prompting petitioner to raise his ineffectiveness claim in a post-conviction action.

On August 12, 2009, the trial court found petitioner's post-conviction ineffectiveness claim to be procedurally barred as sentencing errors cannot be raised on post-conviction pursuant to La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996). (St. rec., vol. 3, tab 4). On October 8, 2009, the Louisiana Fifth Circuit Court of Appeal determined that the trial court erred in finding petitioner's post-conviction claim procedurally barred. The state appellate court reasoned:

> An ineffective assistance of counsel claim is most appropriately addressed through an Application for Post-Conviction Relief (APCR) filed in the trial court where a full evidentiary hearing can be conducted. In the instant case, [petitioner] has asserted in his APCR that his trial counsel was ineffective for failing to quash the multiple offender bill of information because of "an unreasonable delay between the date of the conviction and the date of the hearing in which the sentence was enhanced." This claim should have been considered by the district court. *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1/12/96), relied on by the trial court, is inapplicable in that relator does not raise a sentencing error.
>
> Accordingly, we grant the writ and remand the matter to the trial court to consider [petitioner's] ineffective assistance of counsel claim on its merits in post-conviction proceedings.

*State v. Cotton*, No. 2009-KH-0766 (La. App. 5 Cir. Oct. 8, 2009) (unpublished opinion).[1]

Pursuant to the State's writ application, the Louisiana Supreme Court, on October 15, 2010, determined that the Louisiana Fifth Circuit erred and that petitioner's post-conviction

---

[1]A copy of the Louisiana Fifth Circuit's unpublished opinion is contained in the St. rec., vol. 3, tab 6.

claim that counsel was ineffective in connection with his multiple offender adjudication was

procedurally barred.  The state high court reasoned, in pertinent part:

> In *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, this
> Court construed the provisions of La.C.Cr.P. art. 930.3 and determined that
> they "provide[] no basis for review of claims of excessiveness **or other
> sentencing error** post-conviction. [Emphasis original] ... An habitual offender
> adjudication ... constitutes sentencing for purposes of *Melinie* and La.C.Cr.P.
> art. 930.3, which provides no vehicle for post-conviction consideration of
> claims arising out of habitual offender proceedings, as opposed to direct appeal
> of the conviction and sentence.  La.C.Cr.P. art. 912(C)(1) (defendant may
> appeal from a judgment "which imposes sentence").  A fortiori, [petitioner's]
> claim that he receive ineffective assistance of counsel at his habitual offender
> adjudication is not cognizable on collateral review so long as the sentence
> imposed by the court falls within the range of the sentencing statutes.  *Cf.*
> La.C.Cr.P. art. 882.

*State v. Cotton*, 45 So.3d 1030-1031 (La. 2010).

In his original federal habeas application (rec. doc. 1), petitioner raises the  following

claims:  1) Trial counsel was ineffective in connection with his multiple offender adjudication

due to his failure to file a motion to quash the multiple bill; and, 2) the trial court and the

Louisiana Supreme Court erred in finding his ineffective assistance of trial counsel claim

barred pursuant to *State ex rel. Melinie* and La.C.Cr.P. art. 930.3.  In his amended federal

habeas application (rec. doc. 8-1), petitioner reiterates the two claims set forth in his original

petition and raises a third claim, that trial counsel was ineffective in allowing petitioner "to

be punished as a fourth felony offender when he is not guilty of being a fourth felony

offender." (Rec. doc. 8-1, p. 9).[2]

The State acquiesces that petitioner's habeas application is timely, but argues that all three of petitioner's claims are procedurally barred. The court shall address the State's argument following its review of the facts and applicable standard of review.

## II. **FACTS**[3]

Katherine Matthews, petitioner's ex-girlfriend, testified at trial that, on September 7, 2003, she arrived at her apartment in Gretna and discovered her door unlocked. When she walked inside, she observed petitioner standing in her living room. After seeing him, she ran to a store on Lapalco and called 911 to report the incident. Three officers met Matthews at her apartment; however, petitioner was already gone by that time. Matthews gave a statement to an officer regarding the incident. Matthews testified that petitioner did not have her permission to be in her apartment that day.

Matthews explained that her relationship with petitioner began in 2001, and that they resided together for a short while in Thibodaux. She also explained that petitioner did not live

---

[2]On or about July 12, 2011, petitioner filed a motion to amend his petition. (Rec. doc. 8). On August 29, 2011, the State filed a supplemental response opposing the granting of relief based upon the additional claim set forth in petitioner's amended petition, but raising no objection to the filing of the motion to amend itself. (Rec. doc. 10). Accordingly, this court, on September 6, 2011, granted petitioner's motion to amend. (Rec. doc. 11).

[3]The facts are taken from the Louisiana Fifth Circuit's opinion, *State v. Cotton*, 980 So.2d 34 (La. App. 5 Cir. Feb. 19, 2008).

with her in Thibodaux on an everyday basis, as he was working offshore and only stayed with her on the weekends. She did not recall when petitioner moved out of the Thibodaux apartment.

Deputy Gary Barteet of the Jefferson Parish Sheriff's Office (JPSO) testified at trial regarding this incident, and his testimony largely corroborated that of Matthews.

The State also introduced evidence of four "other crimes" that occurred both before and after the September 7, 2003 incident. The dates of these "other crimes" were October 8, 2002, when petitioner allegedly slapped Matthews while the two were driving in a car; May 17, 2003, when petitioner allegedly threatened Matthews with a gun at her workplace; August 10, 2003, when petitioner allegedly appeared outside Matthews's apartment, hit her and stole her keys; and March 17, 2005, when petitioner allegedly threatened Matthews's life if she testified in this matter.

Matthews explained that she continued to see petitioner after the October 2002 incident, even though she was afraid of him, because she still loved him. She also explained that she maintained contact with petitioner and tried to stay on his "good" side, because she thought if she did so he would not harm her. She admitted that she had convictions for forgery, issuing worthless checks, and shoplifting.

After the State rested its case, the defense called Kenneth Morton as a witness. Morton testified that, in February or March of 2005, he saw petitioner and Matthews together twice

at Boomtown Casino.

Gloria Hines, petitioner's aunt, testified that, in August of 2003, petitioner and Matthews purchased furniture from her for their apartment in the Summerfield apartment complex off of Manhattan where they were living together.

Kisha Heard, petitioner's cousin, testified that between the end of 2003 and early 2004, petitioner and Matthews were living with her.

Ruth Martin, petitioner's grandmother, testified that, in February of 2005, Matthews called and asked to speak to petitioner, but he was not there.  She further testified that, in 2005 right after "Carnival," she was on her way home when she saw petitioner and Matthews in a green car.

Kathy Craig, Matthews' co-worker, testified that, in 2005 before Mardi Gras, she, petitioner, and Matthews went to the French Quarter together and walked around.

Shirley Hayes, petitioner's mother, testified that petitioner and Matthews lived in Thibodaux from 2001 until early 2003, and that afterwards, petitioner lived with Heard.  She further testified that Matthews came to live on the Westbank at approximately the same time that petitioner returned from Thibodaux.  According to Hayes, petitioner and Matthews lived together on Orange Blossom Drive in February or March of 2003.  She indicated that petitioner and Matthews continued to see each other off and on after they lived on Orange Blossom Drive, and she also saw them together in Matthew's car at her (Hayes') house in

8

February of 2005.

Ronald Johnson, petitioner's son, testified that Matthews called him in February of 2005 and asked him where petitioner lived and whether petitioner had a new girlfriend.

Matthews testified on rebuttal that she never lived with Heard, that she did not go to Boomtown Casino in February or March of 2005, and that she did not purchase furniture from Hines.  She further testified that she had an apartment on Orange Blossom Drive in Harvey, and that petitioner spent the night there.  However, she stated that petitioner did not live there, his name was not on the lease, and she did not give petitioner a key to that apartment. Matthews insisted that petitioner did not have permission to come and go as he pleased at any of her apartments.

### III.  <u>STANDARD OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  *Provided that the state court adjudicated the claim on the merits*, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000) (emphasis added).

As to questions of law and mixed questions of law and fact, a federal court must defer

to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

The above deferential standards, however, do not apply in a situation where the state court has denied a petitioner's claim on a procedural ground.  *See Valdez v. Cockrell*, 274 F.3d 941, 946-948 (5th Cir. 2001) ("Section 2254(d)'s deference operates when the state court has adjudicated the petitioner's claim on the merits ....  An 'adjudication on the merits' occurs

10

when the state court resolves the case on substantive grounds, rather than procedural grounds."). Accordingly, because the Louisiana Supreme Court dismissed petitioner's original ineffectiveness claim on a procedural ground, the deferential standards set forth above do not apply to said claim. *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002), vacated and remanded on other grounds, *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) ("Because the state habeas court dismissed [petitioner's] claim on procedural grounds, the deferential standards under § 2254(d) do not apply.").

## IV. <u>ANALYSIS</u>

### A. Ineffective Assistance of Trial Counsel Due to Failure to File Motion to Quash Multiple Bill

Petitioner asserts that he received ineffective assistance of counsel in connection with his multiple bill hearing due to counsel's failure to file a motion to quash the multiple bill based upon its untimeliness. Petitioner also raises the related claim that the state trial court and Louisiana Supreme Court erred in finding his ineffectiveness claim procedurally barred pursuant to La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1986) (hereinafter referred to as "930.3/*Melinie*"). The State asserts that the Louisiana Supreme Court and the state trial court were correct in barring petitioner's ineffectiveness claim pursuant to 930.3/*Melinie*.

Article 930.3 provides that relief will not be granted on post-conviction unless the

petitioner shows that:

> (1) the conviction was obtained in violation of the state or federal constitution; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of the prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute ex post facto application of law in violation of the state or federal constitution; (7) the results of DNA testing performed proved by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

*Lott v. Miller,* 2008 WL 4889650, *5 (E.D. La. Nov. 3, 2008) (Roby, MJ.), adopted (Africk, J.).  In *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996), the Louisiana Supreme Court held that claims of excessive sentence or errors in sentencing are not proper grounds for post-conviction relief, but instead fall exclusively within the purview of the direct appeals process as per article 930.3.

Petitioner asserts that his claim that counsel was ineffective in connection with his multiple offender adjudication does not constitute a claim of error in sentencing and, as such, is not barred by 930.3/*Melinie*.  Based upon the following, the court disagrees.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment.  *Coleman v. Thompson*, 501 U.S. 722, 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995) (citing *Harris v. Reed*, 489 U.S.

255, 260, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  *Amos*, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

For this state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  *Amos*, 61 F.3d at 338.  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  *Glover*, 128 F.3d at 902.  A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief.  *Id.*

In the instant situation, the Louisiana Supreme Court issued the last reasoned decision, clearly relying on Louisiana Code of Criminal Procedure article 930.3 and *Melinie* to find that petitioner's claim of ineffective assistance of counsel in connection with his multiple offender adjudication was barred from review because it was inappropriately raised on post-conviction review.  As such, the independence requirement has clearly been satisfied.

13

The adequacy requirement has likewise been satisfied.  First, as evidenced by the Louisiana Supreme Court's decision in the instant matter, *Cotton*, 45 So.2d at 1030-1031, the 930.3/*Melinie* bar is regularly followed in cases where a petitioner brings on post-conviction a claim of ineffective assistance of counsel in a multiple offender proceeding.  *See also State v. Nelson*, No. 2010-1445 (La. App. 4 Cir. April 27, 2011) (unpublished opinion) (court addressed on direct appeal claim that counsel was ineffective in habitual offender hearing since **said claim "is unavailable to Nelson as sentencing errors are not reviewable post conviction** [Emphasis added]."); *State v. Cobb*, No. 2009-0468 (La. App. 4 Cir. July 27, 2009) (unpublished opinion) (court refused to address on post-conviction petitioner's claim that counsel was ineffective in multiple offender proceeding because such a claim is barred as "La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction.").

Additionally, numerous sections of this court have found that the 930.3/*Melinie* bar is adequate for the purpose of barring a claim that counsel was ineffective in connection with a multiple offender adjudication.  *See Dedmond v. Cain*, 2005 WL 1578086, *8 (E.D. La. June 30, 2005) (Berrigan, J.) (*Melinie* and Article 930.3 deemed adequate and independent for purpose of procedurally barring petitioner's claim that he received ineffective assistance of counsel in connection with his multiple offender hearing due to counsel's failure to object to documents and testimony); *Lott v. Miller*, 2008 WL 4889650, *6 (E.D. La. Nov. 3, 2008)

(Roby, MJ.), adopted (Africk, J.) (state court's reliance on 930.3 to bar petitioner's claim of ineffective assistance of counsel in connection with his multiple bill hearing deemed adequate and independent for purpose of barring federal habeas corpus review); *Richardson v. Cain*, 2010 WL 1838642, *11 (E.D. La. April 1, 2010) (Roby, MJ.), adopted, 2010 WL 1837924 (E.D. La. May 3, 2010) (Vance, J.) (*Melinie* and Article 930.3 deemed adequate and independent to procedurally bar petitioner's claim that "counsel was ineffective for failure to investigate and challenge the convictions in the multiple bill"); *Mead v. Cain*, 2010 WL 3488187, *1-3 (E.D. La. Aug. 26, 2010) (Berrigan, J.) (*Melinie* and Article 930.3 determined to be adequate and independent to procedurally bar petitioner's claim that counsel was ineffective during petitioner's multiple offender hearing in failing to challenge the predicate pleas and require State to prove that prior pleas were knowingly and intelligently made); *Cobb v. Stalder*, 2011 WL 3654402, *9 (E.D. La. Aug. 2, 2011) (Moore, MJ.), adopted, 2011 WL 3664659 (E.D. La. Aug. 18, 2011) (Engelhardt, J.) (*Melinie* constitutes an independent and adequate procedural bar for purpose of precluding federal habeas review of petitioner's claim that he received ineffective assistance of counsel in connection with his habitual offender proceeding).

Based upon the above, this court finds that the 930.3/*Melinie* bar is adequate for the purpose of precluding federal habeas review of petitioner's claim that he received ineffective assistance of counsel due to counsel's failure to challenge the alleged untimeliness of his multiple offender proceeding. This finding, however, does not end the court's procedural

default analysis.  A federal habeas petitioner may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice" as a result of the procedural default. *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).  The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  *Id*. at 486.

In this case, petitioner raises no argument alleging "cause" for his failure to properly raise on direct appeal his claim that counsel was ineffective in failing to challenge the timeliness of his multiple offender adjudication.  Further, this court's review of the record has uncovered no "cause" for petitioner's default.  As such, there is no need to determine whether prejudice existed.  *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir.1997) (citing *Engle*, 456 U.S. at 134 n. 43) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown.") *See also Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir.1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir.1977)).

Based upon petitioner's failure to show the requisite "cause", his ineffectiveness claim is procedurally barred from review by this federal habeas corpus court absent a showing that a fundamental miscarriage of justice will occur if the merits of the claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). "The Supreme Court has held this exception applicable to procedurally defaulted claims, stating that where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Smith v. Collins*, 977 F.2d 951, 958 (5th Cir. 1992), *cert. denied*, 510 U.S. 829, 114 S.Ct. 97, 126 L.Ed.2d 64 (1993) (quoting *Carrier*, 477 U.S. at 496).

The actual innocence exception has been extended by the Supreme Court to a petitioner's claim challenging the constitutionality of his sentence in the context of a capital trial. *See Sawyer*, 505 U.S. at 339-346; *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). In *Smith*, the Court recognized that actual innocence "does not translate easily into the context of an alleged error at the sentencing phase of a trial on a capital offense." *Id*. In *Sawyer*, the Court determined "that to show 'actual innocence' one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id*., 505 U.S. at 336.

The question as to whether the actual innocence exception extends to claims of

constitutional error in the sentencing phase of a noncapital case has not been addressed by the United States Supreme Court.[4]  Nor has the issue been addressed on the merits by the United States Fifth Circuit Court of Appeals.[5]  The issue, however, has been decided on the merits by other circuit courts.  The Eighth Circuit and the Tenth Circuit have determined that the actual innocence exception does not extend to sentencing errors in noncapital cases.  *See Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997) (en banc), *cert. denied*, 525 U.S. 828, 119 S.Ct. 78, 142 L.Ed.2d 61 (1998); *Reid v. Oklahoma*, 101 F.3d 628 (10th Cir. 1996), *cert. denied*, 520 U.S. 1217, 117 S.Ct. 1707, 137 L.Ed.2d 832 (1997).  The Second Circuit and the Fourth Circuit have provided that the actual innocence exception can be applied in the context of sentencing errors in noncapital cases.  *See Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2nd Cir. 2000);  *United States v. Maybeck*, 23 F.3d 888

---

[4]In *Dretke v. Haley*, 541 U.S. 386, 388, 124 S.Ct. 385, 157 L.Ed.2d 274 (2004), the Court specifically declined to answer the question, holding instead that the lower courts erred in addressing the issue without first considering "alternative grounds for relief ... that might obviate any need to reach the actual innocence question ...."

[5]In two cases the Fifth Circuit, in *dicta*, commented on the matter.  *See Collins*, 977 F.2d at 959 ("Assuming, without deciding, that the actual innocence exception can extend, in the abstract, to non-capital sentencing procedures ...."); *Sones v. Hargett*, 61 F.3d 410, 419 n. 16 (5th Cir. 1995) ("We note that this Circuit has never explicitly held that the actual innocence standard can extend to non-capital sentencing procedures, an issue the Supreme Court has not yet addressed ....  We ... decline to resolve this issue and merely assume, *arguendo*, the applicability of the actual innocence standard to non-capital sentencing.").  In *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002), the court did reach the issue, providing that "the actual innocence exception applies to noncapital sentencing procedures involving a career or habitual felony offender."  However, the Supreme Court vacated the decision, determining, as noted above, that the court erred in reaching the issue without first considering petitioner's "alternative grounds for relief".  *See Dretke*, 541 U.S. at 388.

(4th Cir. 1994).[6]  However, as shown below, the Second Circuit and Fourth Circuit cases do not support any assertion that petitioner, by virtue of the actual innocence exception, has overcome the procedural default of his ineffective assistance of counsel claim.

In *Spence*, the petitioner was acquitted of committing the crime that was used to enhance his sentence in connection with an earlier robbery charge to which he had pled guilty.[7]  Because Spence was late in challenging his enhanced sentence in state court, his claim was procedurally barred in the state court system.  In determining whether the actual innocence exception should be applied in Mr. Spence's noncapital case to overcome his procedural default, the Second Circuit examined the Supreme Court's application of the exception in a capital sentencing case.

> In the context of capital sentencing, the Supreme Court has set a high hurdle for a petitioner to show a fundamental miscarriage of justice based on actual innocence. It held that "to show 'actual innocence' one must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty...." *Id.* at 336, 112 S.Ct. 2514; *see also Calderon v. Thompson,* 523 U.S. 538, 559-60, 118 S.Ct.

---

[6]The Fourth Circuit later limited its holding in this regard to situations where the error takes place in the context of a recidivist enhancement.  *See United States v. Mikalajunas*, 186 F.3d 490, 494-495 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010, 120 S.Ct. 1283, 146 L.Ed.2d 230 (2000).

[7]Mr. Spence's robbery sentence was enhanced based upon a later criminal act, another charged robbery, which was deemed to be a violation of the terms of his earlier plea agreement pursuant to which a one-year period of supervised release had been imposed.  The original supervised release sentence, with the promise of probation upon successful completion of the supervised release, was enhanced, based upon the subsequent robbery charge, to eight and one-third to 25 years imprisonment.  Following a trial in connection with the later robbery charge, Spence was found to be innocent.  *See Spence*, 219 F.3d at 165-166.

1489, 140 L.Ed.2d 728 (1998) (clarifying that the "clear and convincing" standard applies to show actual innocence in sentencing, where a lower standard is required to show actual innocence of the crime itself).

*Spence*, 219 F.3d at 172.

Thereafter, employing the above "demanding standard of proof", the Second Circuit determined:

> [O]ur inquiry is then whether, by clear and convincing evidence, defendant has shown that he is *actually innocent of the act on which his harsher sentence was based. See Sawyer,* 505 U.S. at 348, 112 S.Ct. 2514; *Smith v. Collins,* 977 F.2d at 959. *Where a petitioner shows by clear and convincing proof that he is actually innocent of the conduct on which his sentence is based, the incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default bar applies.*

*Id*. (emphasis added).

Similarly, in *Maybeck*, the petitioner's enhanced sentence was based on a crime he did not commit. Specifically, his sentence was enhanced based upon his alleged conviction of armed burglary, when, in actuality, he had been convicted of third degree burglary. Based upon the fact that Maybeck did not commit the crime on which his enhancement was based, the Fourth Circuit applied the actual innocence exception to Maybeck, determined that he was actually innocent of the act upon which his present sentence was based, and remanded the matter to the district court for resentencing. *Maybeck*, 23 F.3d at 894. *See also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir.), *cert. denied*, _ U.S. _, 131 S.Ct. 620, 178 L.Ed.2d 454 (2010) (To succeed on actual innocence grounds in the context of a sentencing error in

a noncapital case, "'a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., *that petitioner did not commit the crime of which he was convicted*; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent.' *Mikalaunas*, 186 F.3d at 494.  Furthermore, the 'movant must show actual innocence by clear and convincing evidence.'"  *Id.* at 493.  (Emphasis added).

In the instant matter, there has been no suggestion that petitioner is actually innocent of the acts on which his enhanced sentence is based.  Thus, assuming that the Second Circuit and the Fourth Circuit are correct and the actual innocence exception is applicable to alleged sentencing errors in noncapital cases, petitioner cannot avail himself to this exception to overcome his procedural default because he has made no showing that he is actually innocent of the acts upon which his enhanced sentence is based.

### B. Ineffective Assistance of Trial Counsel in Allowing Petitioner to be Wrongfully Punished as a Fourth Felony Offender

Petitioner argues that he received ineffective assistance of trial counsel due to the fact that counsel allowed him "to be punished as a fourth felony offender when he is not guilty of being a fourth felony offender." (Rec. doc. 8-1, p. 9).  Petitioner, however, acknowledges that the above claim "has not been raised in the state courts."  (Rec. doc. 8-1, p. 13).

It is well established that a petitioner must first exhaust his available state court remedies by raising his claim in the state court system before proceeding to federal court

seeking habeas corpus relief.  28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987).  Petitioner asserts that he has, in fact, satisfied the exhaustion requirement "because there is not a remedy provided for sentencing issues by state law."  (Rec. doc. 8-1, p. 13). Petitioner's assertion is without merit.

Sentencing issues, including claims of ineffective assistance of counsel during sentencing, may be challenged in state court via direct appeal.  There are numerous cases where state courts, on direct appeal, did, in fact, adjudicate claims of ineffective assistance of counsel in a multiple offender proceeding.  *See, e.g., State v. Smith*, 734 So. 2d 826, 834-835 (La. App. 4 Cir. 1997) (counsel was not ineffective for advising defendant to accept 15 year habitual offender sentence where record did not support claim that counsel had ever advised defendant to do so); *State v. Burns*, 723 So.2d 1013, 1016-1017 (La. App. 4 Cir. 1998) (counsel was not ineffective due to his failure to file motion to quash multiple bill and due to his acceptance of the State's witness as a fingerprint expert where record did not show how petitioner was prejudiced).  Thus, petitioner did, in fact, have a state remedy in connection with his ineffectiveness claim and he failed to exhaust that remedy.

Despite petitioner's failure to satisfy the exhaustion requirement, the court chooses not to dismiss petitioner's ineffectiveness claim without prejudice to allow for its exhaustion

because the claim is without merit.  Under the provisions of 28  U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

The seminal Supreme Court decision regarding ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984), wherein the Court held that in order to prove that counsel was unconstitutionally ineffective, petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong.

Under the deficient performance prong of the *Strickland* test, "it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed. 2d 180 (1993), *citing Strickland*, 466 U.S. at 690.  To prove prejudice under the *Strickland* standard, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  As reflected below, petitioner has failed to satisfy his burden of proof.

A review of the pertinent multiple offender hearing transcript reflects that petitioner admitted to being the same Ranji Cotton who was convicted not only of the instant underlying

April 25, 2005 conviction for unauthorized entry into an inhabited dwelling, but also the same Ranji Cotton convicted of the following offenses: 1) Distribution of cocaine - conviction December 7, 1993; 2) unauthorized entry into an inhabited dwelling - conviction December 7, 1993; 3) distribution of a substance falsely represented to be cocaine - conviction March 19, 1997; and, 4) possession of cocaine - conviction April 15, 2004. (State rec., vol. 8 of 10, pp. 1042-1045). Based upon these convictions, the trial court, pursuant to the parties's plea agreement, sentenced petitioner to a minimum sentence of twenty years. Petitioner's sentence was imposed pursuant to La.R.S. 15:529.1(A)(1)(c)(i) which provides that if the fourth or subsequent felony, in this case, unauthorized entry into an inhabited dwelling, is such that upon a first conviction the felon would be subject to less than a life sentence, the minimum sentence he may receive is twenty years.

It is undisputed that petitioner committed his fourth or subsequent felony, unauthorized entry into an inhabited dwelling, on September 7, 2003. (Rec. doc. 10, fn. 2). Thus, petitioner committed his fourth or subsequent felony **before** he had been convicted on April 15, 2004 for possession of cocaine, a conviction used to enhance the sentence for his fourth or subsequent felony.

Louisiana's recidivist statute, La. R.S. 15:529.1(A)(1), provides that a convicted felon's sentence may be enhanced if "**after having been convicted**" he **"commits any subsequent felony".** In this case, petitioner had not been convicted on the possession of

cocaine charge when he committed his September 7, 2003 unauthorized entry into an inhabited dwelling.  Thus, petitioner's 2004 possession of cocaine conviction could not properly be used to enhance the sentence petitioner received in connection with a felony, unauthorized entry into an inhabited dwelling, which he committed in 2003.  Petitioner, however, was not prejudiced by the fact that his 2004 conviction was improperly used for enhancement purposes.

As noted above, petitioner was sentenced under La.R.S. 15:529.1(A)(1)(c)(i) which provides that if a felon is convicted of a **fourth or subsequent** felony, he is subject to a minimum twenty-year sentence.  When petitioner's 2004 conviction is counted against him, his underlying 2005 conviction for unauthorized entry into an inhabited dwelling is a "subsequent" felony under La.R.S. 15:529.1(A)(1)(c)(i), thereby subjecting petitioner to a minimum twenty-year sentence.  When petitioner's 2004 conviction is properly taken out of the mix, his underlying 2005 conviction for unauthorized entry into an inhabited dwelling is a "fourth" felony under La.R.S. 15:529.1(A)(1)(c)(i), and petitioner is still subject to a minimum twenty-year sentence.

As petitioner has failed to satisfy the prejudice prong under *Strickland's* ineffective assistance of counsel test, the court finds the instant claim to be without merit.  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief

filed on behalf of petitioner, Ranji Cotton, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[8]

New Orleans, Louisiana, this __13th__ day of ____September____, 2011.

LOUIS MOORE, JR.

United States Magistrate Judge

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.